## L. T. LARNED
### v.
## HARVEY B. PLATT.

*Malicious Prosecution—Probable Cause—Instructions—Impeachment of Witness—Arbitrary Rule as to Number of Witnesses—Discretion.*

1.  A general rule limiting the number of witnesses to the reputation of a witness for truth and veracity to a particular number on each side, excludes the exercise of discretion and is unreasonable and unlawful.

2.  In an action for a malicious prosecution, it is *held:* That the defect in the plaintiff's instructions in not clearly including the want of probable cause, was cured by the prominence given to the subject in those given for the defendant.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

Mr. JAMES S. EWING, for appellee.

*Per Curiam.* Action on the case for malicious prosecution, brought by appellee, who recovered judgment on a verdict for $250.

Larned v. Platt.

The defense insisted that there was probable cause for the prosecution complained of, and the instructions for plaintiff were faulty in not clearly including the want of it as an essential element of his case; but those given for the defendant did so present it, and with such prominence that it was hardly possible for the jury to misunderstand or overlook it.

Plaintiff was his own principal witness, and was contradicted in relation to important facts respectively by several who had no direct interest in the event of the suit. We intimate no opinion as to the preponderance of the evidence, but his credibility was plainly a very material question. Having examined eight witnesses as to his reputation for truth and veracity, the defendant called a ninth, who was objected to and excluded under a general rule of the court, which limited the number to that point, on each side, to eight. Still others were proposed to be called, but for the same reason were also excluded. To this ruling exception was taken, and it is assigned for error.

While the trial judge may limit the number to be produced by each party to such a question, in his discretion, we hold it must be an actual and judicial discretion, exercised in view of the special character and circumstances of the particular case, and that a general rule of limitation, which applies to all alike without regard to these, and so controls or rather excludes discretion, is unreasonable and unlawful.

From the remark of the judge when his attention was called to it in support of the objection, it is to be inferred that he did not assume to exercise any discretion, as was his practice in his own circuit, but deferred to the local rule. We think this was error, and are not satisfied that it did not materially injure the defendant. For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*